UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| RALPH PARTNERS II, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JESSIE M. TATE, <br><br> Defendant. | Case No. 18-cv-03030-LB <br><br> **ORDER GRANTING MOTION TO REMAND AND REMANDING ACTION TO STATE COURT** <br><br> Re: ECF No. 1 |

**OVERVIEW**

Plaintiff Ralph Partners II, LLC, the owner of a residential property, filed an unlawful-detainer case against a tenant, the defendant Jessie M. Tate, in the Superior Court of California, County of Napa.[1] Mr. Tate, representing himself, removed the action from state court on May 22, 2018, asserting federal-question and diversity jurisdiction.[2] Ralph Partners moved to remand the case back to state court.[3] Mr. Tate's deadline to file a response to Ralph Partners' motion to remand

---

[1] Notice of Removal – ECF No. 1 at 5–8. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id*. at 2; Civil Cover Sheet – ECF No. 1-1.

[3] Mot. to Remand – ECF No. 8.

ORDER – No. 18-cv-03030-LB

was June 8, 2018.[4] Mr. Tate did not file a response.[5] Both parties consented to magistrate-judge jurisdiction.[6]

Mr. Tate has not identified any federal question, and no basis for federal-court jurisdiction appears on the face of the complaint. Additionally, there is not diversity jurisdiction. Remand to state court therefore is appropriate.

**ANALYSIS**

Generally, a defendant may remove a case from state court to federal court if there is either diversity or federal-question jurisdiction. 28 U.S.C. § 1441(a)–(c). The burden is on the removing defendant to establish the basis for the federal court's jurisdiction. *Shizuko Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990).

**1. Federal-Question Jurisdiction**

Mr. Tate claims that this case presents federal-question jurisdiction.[7] He argues in his Notice of Removal that federal question exists because "[p]laintiffs are in violation of 12 USC § 3708, Implementing Regulation, § 1.1-1, Title 24 C.F.R. 220.814."[8] The complaint does not present any federal questions and only states a state-law unlawful-detainer claim. Unlawful-detainer claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction. *See, e.g., Fed. Nat'l Mortg. Assoc. v. Lopez*, No. 3:11-cv-00451-WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011); *GMAC Mortg. LLC v. Rosario*, No. 4:11-cv-01894-PJH, 2011 WL 1754053, at *2 (N.D. Cal. May 9, 2011); *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010). As for Mr. Tate's argument that his demurrer

---

[4] *See* Docket.

[5] *Id.*

[6] Consents – ECF Nos. 6, 10.

[7] Notice of Removal – ECF No. 1 at 1–3.

[8] *Id.* at 2.

ORDER – No. 18-cv-03030-LB

presents federal questions, the "well-pleaded complaint" rule requires a federal question to be presented on the face of the plaintiff's complaint at the time of removal for federal-question jurisdiction to exist. A federal question raised only in a response to a complaint is not sufficient to establish jurisdiction. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Because the defendant has not identified any federal question in the complaint in his Notice of Removal, the case must be remanded to state court.

## 2. Diversity Jurisdiction

Mr. Tate asserts that this case presents diversity jurisdiction.[9] Federal courts have original jurisdiction where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1441. Here there is no diversity of citizenship as the parties reside in California.[10] Also, the amount in controversy does not exceed $75,000.[11] In unlawful-detainer actions, the right to possession of the property is contested, not title to the property, and the plaintiff may collect only damages that are incidental to that unlawful possession. *See Litton Loan Servicing, L.P. v. Villegas*, No. 10-CV-5478-PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (citing *Evans v. Super. Ct.*, 67 Cal. App. 3d 162, 170 (1977)). The plaintiff seeks only restitution, possession of the premises, costs of suit, and $116.67 per day from December 5, 2017, until it obtains a judgment or recovery of possession of the premises.[12] The damages do not exceed $75,000, and there is no diversity jurisdiction.

---

[9] Notice of Removal – ECF No. 1 at 2; Civil Cover Sheet – ECF No. 1-1.

[10] Mot. to Remand – ECF No. 8 at 2; Civil Cover Sheet – ECF No. 1-1.

[11] Mot. to Remand – ECF No. 8 at 2–3.

[12] *Id*. at 3.

ORDER – No. 18-cv-03030-LB

## CONCLUSION

The court directs the clerk of court to remand this action to the Superior Court of California, County of Napa, for want of federal subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**IT IS SO ORDERED.**

Dated: July 1, 2018

_____
LAUREL BEELER
United States Magistrate Judge